■ In the Matter of the Accounting of FRANK BONANNO, as Executor of GASPAR BONANNO, Deceased, Respondent. CATERINA BONANNO, Appellant.— About a month prior to their engagement to marry, and about three months prior to the marriage of appellant and decedent on July 5, 1947, the latter conveyed to his two sons by a former marriage two parcels of real property, retaining therein a life estate. Decedent died on August 29, 1953. Appellant interposed objections to the executor's account, which failed to include the two parcels as part of decedent's estate, on the ground that the conveyances prior to the marriage were illusory and, even if real, were in fraud of her rights because of representations made by decedent to her prior to the marriage. This is an appeal by the widow from so much of the decree of the Surrogate's Court, Queens County, judicially settling the executor's account, as overruled the aforesaid objections. Decree insofar as appealed from unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [6 Misc 2d 888.]

■ In the Matter of GWENDOLYN F. BRANCHE, Petitioner, against BOARD OF TRUSTEES of the INCORPORATED VILLAGE OF GREAT NECK et al., Respondents. — Proceeding to review a determination of respondents which denied petitioner's application for a building permit for the purpose of rebuilding a nonconforming structure damaged by fire. The proceeding was transferred to this court pursuant to section 1296 of the Civil Practice Act. Determination annulled, without costs, and proceeding remitted to respondents for reappraisal pursuant to the building zone ordinance, as amended, and for rehearing. The appraisers, appointed by respondents pursuant to the ordinance, were "to determine the extent of the damage and the appraised value". They reported the appraised value only. The failure of the appraisers to determine "the extent of the damage" requires the annulment of the determination of respondents, who were obliged to act in accordance with the terms of the ordinance (*Matter of Barry* v. *O'Connell*, 303 N. Y. 46). Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of BRIDGET COSTELLO, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— In a proceeding to compel the State Rent Administrator to furnish all the files pertinent to certain premises, the appeal is from an order denying the petition and dismissing the proceeding. Order unanimously affirmed, without costs. The record shows that the relief requested has never been refused by respondent. On the argument of the appeal, respondent stated his willingness, on request, to make available all records to appellant for inspection and examination. There is therefore neither necessity nor propriety for an order in the nature of mandamus. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.